McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-229 WBS |
| Plaintiff, | STIPULATION TO VACATE JURY TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DEBORAH FRANCES LAUGHLIN,<br>  aka Deborah Frances Isgrigg,<br>  aka Deborah Frances Hunt,<br>  aka Debbie Frances Evans,<br>  aka Deborah Frances Thompson, | DATE: January 6, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a trial confirmation hearing on January 6, 2020, and Jury Trial on January 22, 2020.

2. By this stipulation, defendant now moves to vacate both the January 22, 2020 jury trial date and the January 6, 2020 trial confirmation hearing. Defendant further moves to set this matter for a status conference on March 2, 2020, and to exclude time between January 2, 2020, and March 2, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

STIP TO VACATE JURY TRIAL AND REGARDING          1
EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

a) Assistant Federal Defender Timothy Zindel became counsel of record for this case on December 23, 2019, after this matter was set for jury trial by his colleague, Assistant Federal Defender Rachelle Barbour.

b) The government produced discovery to defense counsel on December 23, 2019. The discovery produced in this case includes approximately 443 pages of documents that primarily consist of FEMA records, investigative reports, and documents obtained via subpoena, as well as audio recordings of the defendant's statements to federal agents and to FEMA representatives.

c) After conducting an initial review of the discovery, counsel for defendant requires additional time to review and evaluate the evidence both with and without the defendant. The defendant was ordered released from custody on December 23, 2019, after this matter was set for jury trial. Defendant is currently residing in Oroville, California. Defense counsel represents that due to the defendant's current health conditions, he will need to travel to Oroville, California, in order to review and discuss the evidence with the defendant in person. Due to previously scheduled work obligations, defense counsel is not available to travel to Oroville to meet with defendant until mid-January 2020. Defense counsel further represents that after reviewing the evidence with defendant, he will require additional time to conduct defense investigation, including interviews of potential witnesses; determine whether there are any pretrial motions that should be filed and to prepare any such motions; discuss potential resolutions with his client; and otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of January 2, 2020 to March 2, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 2, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated: January 2, 2020

/s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
DEBORAH LAUGHLIN

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: January 2, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE