McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00229 WBS |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| DEBORAH FRANCES LAUGHLIN, aka Deborah Frances Isgrigg, aka Deborah Frances Hunt, aka Debbie Frances Evans, aka Deborah Frances Thompson, | |
| Defendant. | |

**I.   STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and defendant Deborah Frances Laughlin, by and through her counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of discovery materials that consist of price and cost information associated with the provision of temporary FEMA housing. This information is confidential business information belonging to third parties that contracted with the government. Public disclosure of this information could cause harm to the respective companies.

2. On December 12, 2019, a federal grand jury returned an indictment against defendant charging her with Fraud in Connection with a Major Disaster or Emergency Benefits in violation of 18

U.S.C. § 1040(a)(2).  The defendant is currently on pre-trial release.

3. The United States is in possession of information relating to the prices and costs charged to the government for the provision of temporary housing FEMA made available to individuals, including the defendant, after the Camp Fire.  The government alleges that defendant was found eligible for this housing based on an allegedly false statement made in an application for FEMA benefits, and further alleges that she continues to reside in a manufactured home provided by FEMA as of the date of this filing.

4. The government intends to produce to the Defense Team, as defined below, materials detailing the costs associated with the provision of temporary FEMA housing because this information is relevant to determining both the loss amount and restitution.  These materials contain confidential business information, including unit price and line item cost information, belonging to third parties that contracted with the government to provide temporary housing.  The contract, invoices, and related documents, as well as the contractors' unit price and cost information, are confidential business information that could cause harm to the respective companies if publicly disclosed.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing confidential business information belonging to third parties.  If this information is disclosed without protective measures, or to defendant without limitation, it could cause harm to third parties.

6. Due to the nature of the case, the confidential information has evidentiary value and redaction could inhibit prompt and just resolution of the case.

7. Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery containing confidential business information belonging to third parties while preserving the security of this information.

8. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

**II.     PROPOSED PROTECTIVE ORDER**

**A.     Protected Materials**

9. This Order pertains to discovery materials provided or made available to defense counsel,

2

on or after the date of this order, that consist of contracts or invoices related to the provision of temporary FEMA housing, and all line item and unit price and cost information related to the provision of such housing (hereafter, "Protected Materials").  Protected Materials specifically include line item and unit price and cost information relating to the installation, maintenance, and deactivation of such housing.  Discovery materials provided to Defense Counsel are marked with the Bates label prefix "LAUGHLIN_" followed by a Bates number.  Protected Materials and discovery containing Protected Materials will be marked with the Bates label prefix "PROTECTED_LAUGHLIN_" followed by a Bates number.  Protected Materials in native file formats, such as Excel, will be identified as protected in the Bates label on the associated PDF placeholder as well as in the file name of the native file.

10. To the extent that notes are made that memorialize, in whole or in part, the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.** **Defense Team**

11. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

12. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

13. Defense Counsel must provide a copy of this Order to all members of the Defense Team.

    a) Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the United States unless ordered by the

Court.

        b)      Members of the defense team who are employees of the Federal Defender's Office who have signed a confidentiality agreement as part of their employment are not required to sign a written acknowledgement.  The confidentiality agreement need not be disclose or produced to the United States unless ordered by the Court.

**B.**      **<u>Disclosure of Protected Materials</u>**

14.      No person or party shall use any Protected Materials or information derived from the Protected Materials produced in this action for any purpose other than use in the above-captioned case.  All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever.

15.      The Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

16.      The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials.

17.      The Defense Team may review the Protected Materials with a witness or potential witness in this case so long as a member of the Defense Team is present while Protected Materials are being shown to the witness.  Before being shown any portion of the Protected Materials, any witness or potential witness must be informed of the requirements of the Protective Order.  A witness or potential witnesses may not copy, keep, maintain, or otherwise possess the Protected Materials or any information derived from the Protected Materials at any time outside the presence of the Defense Team.

18.      This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials, to employees of the United States Department of Justice, including any United States' Attorney's Office, any other federal agency, law enforcement agencies, the Court, and defense.

19.      Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States

4

may take action to resist or comply with such demands as it may deem appropriate.

### C. Ensuring Security of Protected Materials

20. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

21. A copy of the Protective Order must be stored with the Protected Materials, in paper form and electronically.

22. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

23. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### D. Filings

24. In the event that a party needs to file Protected Materials containing confidential third party information with the Court, or disclose confidential third party information in court filings, the filing should be made under seal, or with all individual line item and unit price and cost information redacted. The party seeking to file such information shall make all reasonable attempts to avoid the divulging of confidential third party information. This provision shall not apply to trial exhibits unless they are filed with the Court via ECF.

### E. Conclusion of Prosecution

25. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Material subject to the Protective Order maintained in the Defense Team's files shall remain

subject to the Protective Order unless and until such Order is modified by the Court.

26. Upon the latter of the final disposition of the case, including exhaustion of direct and collateral appellate proceedings, or Defense Counsel's document retention requirements, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### F. Termination or Substitution of Counsel

27. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 26 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### G. Modification of Order

28. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### H. Violation of Order

29. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

**I.      Application of Law**

30.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

31.     Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  May 15, 2020                                                McGREGOR W. SCOTT
                                                                                     United States Attorney


                                                                      By:    /s/ Shelley D. Weger
                                                                                     Shelley D. Weger
                                                                                     Assistant United States Attorney


Dated:  May15, 2020                                                 /s/ Timothy Zindel
                                                                                     Timothy Zindel
                                                                                     Counsel for Defendant
                                                                                     Deborah Frances Laughlin


IT IS SO FOUND AND ORDERED this 15th day of May, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7