1  McGREGOR W. SCOTT
United States Attorney
2  SHELLEY D. WEGER
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

5

6  Attorneys for Plaintiff
United States of America

7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                   CASE NO.  19-CR-00229 WBS

12                          Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                               TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                  v.                          FINDINGS AND ORDER

14  DEBORAH FRANCES LAUGHLIN,                   DATE: June 30, 2020
        aka Deborah Frances Isgrigg,           TIME: 9:00 a.m.
15      aka Deborah Frances Hunt,              COURT: Hon. William B. Shubb
        aka Debbie Frances Evans,
16      aka Deborah Frances Thompson,

17                          Defendant.

18

19        This case is set for status on June 30, 2020.  On May 13, 2020, this Court issued General Order

20  618, which suspends all jury trials in the Eastern District of California "until further notice."  Further,

21  pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174,

22  and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

23  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

24  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

25  entered to address public health concerns related to COVID-19.

26        Although the General Orders and declarations of emergency address the district-wide health

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                   1
PERIODS UNDER SPEEDY TRIAL ACT

1    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

2    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

3    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

4    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

5    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

6    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

7    findings on the record "either orally or in writing").

8            Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

10   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

11   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

12   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

13   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

14   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

15   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

16           The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

17   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

18   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

19   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

20   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

21   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

22   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

23   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

24   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

25   by the statutory rules.

26           In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

2  for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

3  continuance must be "specifically limited in time").

4                                          **STIPULATION**

5          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7          1.       By previous order, this matter was set for status on June 30, 2020.

8          2.       By this stipulation, defendant now moves to continue the status conference until August

9  31, 2020 and to exclude time between June 30, 2020, and August 31, 2020, under 18 U.S.C.

10  § 3161(h)(7)(A), B(iv) [Local Code T4].

11         3.       The parties agree and stipulate, and request that the Court find the following:

12                 a)       The government has represented that the discovery associated with this case

13         includes investigative reports, FEMA records, and documents obtained from third parties totaling

14         over approximately 600 pages of Bates labeled documents, as well as audio recordings of

15         statements made by the defendant.  All of this discovery has been either produced directly to

16         counsel and/or made available for inspection and copying.  Some of this discovery is subject to a

17         protective order, and therefore, can only be reviewed by defendant in the presence of a member

18         of the defense team.

19                 b)       Counsel for defendant desires additional time to review additional discovery that

20         was produced to defense on May 28, 2020; meet and consult with his client, to review the

21         evidence in this case and to discuss potential resolutions; conduct investigation and research

22         related to the charge and the loss amount, and to otherwise prepare for trial.

23                 c)       Counsel for defendant believes that failure to grant the above-requested

24         continuance would deny him/her the reasonable time necessary for effective preparation, taking

25         into account the exercise of due diligence.

26                 d)       The government does not object to the continuance.

27

28  ___

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1      e)      In addition to the public health concerns cited by the General Orders and

2    declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

3    ends-of-justice delay is particularly apt in this case because due to the need for social distancing,

4    defense counsel requires additional time to meet with his client and conduct any necessary

5    defense investigation.

6      f)      Based on the above-stated findings, the ends of justice served by continuing the

7    case as requested outweigh the interest of the public and the defendant in a trial within the

8    original date prescribed by the Speedy Trial Act.

9      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10    et seq., within which trial must commence, the time period of June 30, 2020 to August 31, 2020,

11    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

12    because it results from a continuance granted by the Court at defendant's request on the basis of

13    the Court's finding that the ends of justice served by taking such action outweigh the best interest

14    of the public and the defendant in a speedy trial.

15          **THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  June 23, 2020                                  McGREGOR W. SCOTT
                                                       United States Attorney


                                                       /s/ SHELLEY D. WEGER
                                                       SHELLEY D. WEGER
                                                       Assistant United States Attorney


Dated:  June 23, 2020                                  /s/ TIMOTHY ZINDEL
                                                       TIMOTHY ZINDEL
                                                       Counsel for Defendant
                                                       Deborah Laughlin


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.


Dated:  June 23, 2020


                                                       WILLIAM B. SHUBB
                                                       UNITED STATES DISTRICT JUDGE


STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5