McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-00229 WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DEBORAH FRANCES LAUGHLIN,<br>   aka Deborah Frances Isgrigg,<br>   aka Deborah Frances Hunt,<br>   aka Debbie Frances Evans,<br>   aka Deborah Frances Thompson, | DATE: November 30, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 30, 2020.

2. By this stipulation, defendant now moves to continue the status conference until January 19, 2021, and to exclude time between November 30, 2020, and January 19, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, FEMA records, and documents obtained from third parties totaling over approximately 600 pages of Bates labeled documents, as well as audio recordings of

statements made by the defendant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Some of this discovery is subject to a protective order, and therefore, can only be reviewed by defendant in the presence of a member of the defense team.

      b) Counsel for defendant requires additional time to consult with his client in order to further review the discovery, including the loss amount, and to discuss potential resolutions, and to otherwise prepare for trial. Defense counsel requires additional time to complete these steps, in part, due to the ongoing COVID-19 pandemic and the resulting need to social distance.

      c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d) The government does not object to the continuance.

      e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 30, 2020 to January 19, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 23, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated:  November 23, 2020

/s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
Deborah Frances Laughlin

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  November 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE