McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>            v.<br><br>DEBORAH FRANCES LAUGHLIN,<br><br>                              Defendant. | CASE NO. 2:19-CR-00229 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 19, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

This matter was previously set for status on January 19, 2021. By this stipulation, defendant now moves to continue the status conference to March 15, 2021, and to exclude time between those dates for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 19, 2021.

2. By this stipulation, defendant now moves to continue the status conference until March 15, 2021 at 9:00 a.m., and to exclude time between January 19, 2021, and March 15, 2021 at 9:00 a.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, FEMA records, and documents obtained from third parties totaling over approximately 600 pages of Bates labeled documents, as well as audio recordings of statements made by the defendant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Some of this discovery is subject to a protective order, and therefore, can only be reviewed by defendant in the presence of a member of the defense team.

    b) Counsel for defendant desires additional time in order to meet with his client in person to consult, review discovery, and discuss potential resolutions, and to otherwise prepare for trial, if necessary. These tasks require additional time to complete largely due to the ongoing COVID-19 pandemic and the continuing need to social distance. Due to the ongoing pandemic, the United States Federal Defender's Office in the Eastern District of California has prohibited its attorneys from meeting with clients in person.

    c) Counsel for defendant believes that failure to grant the above-requested

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME    3
PERIODS UNDER SPEEDY TRIAL ACT

1  continuance would deny him the reasonable time necessary for effective preparation, taking into
2  account the exercise of due diligence.
3          d)       The government does not object to the continuance.
4          e)       Based on the above-stated findings, the ends of justice served by continuing the
5  case as requested outweigh the interest of the public and the defendant in a trial within the
6  original date prescribed by the Speedy Trial Act.
7          f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
8  et seq., within which trial must commence, the time period of January 19, 2021 to March 15,
9  2021 at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv)
10 [Local Code T4] because it results from a continuance granted by the Court at defendant's
11 request on the basis of the Court's finding that the ends of justice served by taking such action
12 outweigh the best interest of the public and the defendant in a speedy trial.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 13, 2021  McGREGOR W. SCOTT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated: January 13, 2021  /s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
KRISTEN CANAPARY

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: January 14, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE